**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TELITHA L. CLEMENTS,
an Individual,

                Plaintiff,                Case No. 11-13340

v.                                            Hon. Gerald E. Rosen

PRUDENTIAL PROTECTIVE
SERVICES, LLC,
a Domestic Limited Liability Company,

                Defendant.

_____/

**OPINION AND ORDER GRANTING  DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

At session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 07, 2013

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

I. INTRODUCTION

      Plaintiff Telitha Clements commenced this action in this Court on July 29, 2011, alleging that her employer, Defendant Prudential Protective Services, L.L.C. ("Prudential"), violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 *et seq.*, by interfering with her right to pregnancy,

1

and discriminating against her on the basis of sex and pregnancy. By motion filed on April 17, 2012, Defendant seeks summary judgment in its favor on all of Plaintiff's claims. However, in her Response to Defendant's Motion, Plaintiff concedes that no issue of material fact exists with regard to her Title VII and ELRCA sex and pregnancy discrimination claims, and she does not contest the dismissal of those claims. As a result, only Plaintiff's FMLA claim remains for adjudication.

Defendant argues that it is entitled to summary judgment on Plaintiff's FMLA claim because Plaintiff failed to provide proper notice of her need for leave pursuant to Defendant's customary procedures. Alternatively, Defendant claims that Plaintiff was not restored to her security guard position upon her return from her pregnancy leave because of a reduction in hours and security officers at her former job site. Defendant further contends that Plaintiff has not been discharged, remains listed as Defendant's employee, and may seek a new assignment at a different job site.

In her Response Brief, Plaintiff contends that Defendant had no internal policy regarding FMLA requests; that Defendant is estopped from asserting that Plaintiff did not follow proper notice procedures, where Defendant first failed to provide Plaintiff any notice of her FMLA rights; and that Defendant interfered with Plaintiff's FMLA rights when it did not return her to the same or a substantially equivalent position upon her return from leave, even though equivalent positions were readily available.

Having reviewed Defendant's Motion and accompanying exhibits, Plaintiff's Response, and the remainder of the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's Motion "on the

briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Defendant Prudential Protective Services is a limited liability company in the business of providing security services to entities and individuals at various locations in the State of Michigan, including the New Center, Fisher, and Kahn Buildings ("New Center") in Detroit. Plaintiff Telitha Clements began working for Prudential as a security guard at the New Center in October 2006. Plaintiff had been working at the New Center for many years under other employers prior to her employment by Prudential. During the entire time she worked at the New Center for various employers, including Defendant Prudential, Plaintiff's supervisor was Lamont Lively ("Lively"). Lively was Plaintiff's day-to-day supervisor: he scheduled her to work and provided all direction regarding her position. He also had the authority to hire, fire, and discipline employees, and to approve or disapprove vacation requests. [Lively Dep., pp. 6, 20, 44].

While working as a security guard for Prudential, Plaintiff became pregnant with her second child in October 2008, with a due date of June 2, 2009. This pregnancy gave rise to the present action.[1]

---

[1] Although Plaintiff's first pregnancy is not the subject of this suit, it is the subject of some dispute. Plaintiff contends that, when she needed time off in 2006 for the birth of her first child, Lively coordinated Plaintiff's entire leave, including her return to work. [Plaintiff's Dep., pp. 17-18]. Defendant conversely alleges that, at the time, Lively directed Plaintiff to report to the personnel office to inform the company of her pregnancy, and that Plaintiff acted accordingly. [Lively Dep., pp. 60-61]. Whatever the arrangement, Plaintiff's deposition statements concerning the 2006 leave indicate that she was satisfied with the outcome. [Plaintiff's Dep., p. 19]. Plaintiff had been working as a command center operator prior to the 2006 leave, but there were no openings for that position when she was ready to return. Plaintiff was then reassigned to

3

In late 2008 or early 2009, when she was approximately four months pregnant, Plaintiff informed Lively that she would need time off for the birth of the child. Lively again assisted Plaintiff with her leave of absence, including ensuring that Plaintiff took her vacation prior to maternity leave so she would not lose any time previously accrued. *Id.* at p. 44. At that time, Lively allegedly informed Plaintiff that she would need to contact personnel at Defendant's main office in order to properly schedule her maternity leave. *Id.* at pp. 22, 34-35, 45, 60-61. It is undisputed that none of Lively's discussions with Plaintiff involved an explanation or information about the FMLA.[2] *Id.* at pp. 44-45. It is also undisputed that neither Plaintiff nor Lively contacted Defendant's main office regarding Plaintiff's maternity leave prior to the birth of her second child. [Plaintiff's Dep., p. 27; Lively Dep., p. 50].

Plaintiff left work on May 23, 2009 and her second child was born on June 9, 2009. Beginning on June 19, 2009 and continuing through October 2, 2009, Plaintiff and Lively had several conversations concerning Plaintiff's return to work at the New Center buildings. [Lively Dep., p. 49]. Throughout these conversations, Lively consistently informed Plaintiff that the number of employees and employee-hours assigned to the New Center buildings had been substantially reduced, that his own hours had been cut, that there were no openings at the site, and that he could not put her back on the New Center schedule. [Plaintiff's Dep., pp. 60-72, 117-118; Lively Dep., p. 49]. There is some dispute as to whether or not Lively instructed Plaintiff to report to Defendant's main office to request a new assignment at a different location.

---

work as a security guard -- normally a lower paid position -- at the same pay rate as her prior position. [Lively Dep., p. 24].

[2] Deposition statements by Defendant's vice-president indicate that Prudential does not provide its employees with information regarding the FMLA at any time during their employment, even if they ask for leave, other than referring them to the Act. [Keywell Dep., pp. 65-69].

[Plaintiff's Dep., pp. 71-72, 116-118; Lively Dep., p. 49]. In any event, Plaintiff understood that she was employed by Defendant -- rather than by a particular job site -- and that she could go to Defendant's main office to be reassigned to work at locations other than the New Center buildings. [Plaintiff's Dep., pp. 116-118].

Plaintiff visited Defendant's main office on at least two occasions between July and September of 2009; however, she never affirmatively requested a new assignment. *Id.* at pp. 116-118. Instead, Plaintiff went to Defendant's office to obtain documentation necessary to obtain a deferral of her credit card payments and to file for unemployment benefits. *Id.* at p. 86. During one such visit on August 24, 2009, Plaintiff obtained a letter from Danielle Todaro, an employee in Defendant's Human Resources department, stating:

> To Whom It May Concern:
>
> Talitha Clements is currently laid off from Prudential Protective Services. She left on maternity leave on May 23rd. When a position becomes available she will be called back to work. . . .
>
> _____/s/_____
> Danielle Todaro
> Human Resources

[Defendant's Ex. F.]

However, Plaintiff alleges that no one at Defendant's office ever offered her a new position at a different site. [Plaintiff's Dep., p. 112].

Defendant, on the other hand, contends that its vice-president, Matthew Keywell, asked Plaintiff during the same August 24, 2009 office visit why she was requesting deferral forms when she was not laid off and there were positions available at other site locations. [Keywell Dep., pp. 78-84]. Defendant further claims that Plaintiff indicated to Keywell that she was not interested in a new position and that she just wanted the form to be filled out. Based on

5

Plaintiff's remarks, Keywell opted to not provide her with information about specific job openings. Defendant, however, alleges that Plaintiff remains listed as an employee for Defendant to this day, and that she can be assigned to work immediately, should she so request. [Defendant's Ex. G].

Plaintiff continued calling Lively on a weekly basis until October 2009, but was never reinstated to her position at the New Center buildings. [Plaintiff's Dep., pp. 67-72].

On February 3, 2010, Plaintiff filed a Charge of Discrimination alleging sex and pregnancy discrimination with the E.E.O.C. The EEOC investigation was subsequently dismissed, and on May 24, 2011 she was issued a Right to Sue letter. On July 29, 2011, Plaintiff initiated this action. After the close of discovery, Defendant filed the present motion for summary judgment.

### III. DISCUSSION

#### A. APPLICABLE STANDARDS

Through its present motion, Defendant seeks an award of summary judgment in its favor on Plaintiff's claim of interference with her FMLA rights.[3] Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[3] Defendant's motion also challenges Plaintiff's claims of sex and pregnancy discrimination, but, as noted, Plaintiff does not contest dismissal of these claims.

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Moreover, any supporting or opposing affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Finally, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack*, 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

The Court will apply the foregoing standards in deciding Defendant's Motion for Summary Judgment in this case.

B.  PLAINTIFF'S FMLA CLAIM

In its Motion, Defendant argues that it is entitled to summary judgment on Plaintiff's FMLA claim because Plaintiff failed to comply with FMLA notice requirements prior to going on pregnancy leave. Defendant further contends that Plaintiff has suffered no prejudice from any alleged FMLA violations on Defendant's part, where reinstatement at Plaintiff's former job site was impossible due to a reduction in hours and security officers beyond Defendant's control, and Plaintiff voluntarily failed to seek reassignment to a different job site despite having the knowledge and ability to do so.

1.  DEFENDANT IS ESTOPPED FROM DENYING LIABILITY BASED UPON PLAINTIFF'S NON-COMPLIANCE WITH FMLA NOTICE REQUIREMENTS

The Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. (the "FMLA"), entitles an eligible employee to a total of 12 weeks of leave per year for various reasons, including "[b]ecause of the birth or a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A). The Act further entitles an eligible employee who takes a leave under § 2612 for the intended purpose of the leave to be reinstated upon her return from leave to the position she held before the leave or to an equivalent position. *See* 29 U.S.C. § 2614(a)(1).

Two distinct theories for recovery on FMLA claims are recognized in the Sixth Circuit: (1) the "entitlement" or "interference" theory, and (2) the "retaliation" or "discrimination" theory. *See Arban v. West Publishing Corp.*, 345 F.3d 390, 400-401 (6th Cir. 2003). The "entitlement" or "interference" theory arises from 29 U.S.C. § 2615(a)(1), which states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter," and from § 2614(a)(1), which provides that "any eligible employee who takes leave ... shall be entitled, on return from a such leave (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position." *Arban* at 401. The "retaliation" or "discrimination" theory arises from § 2615(a)(2), which provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." *Id.* Plaintiff here has not alleged a retaliation or discrimination claim.

8

To prevail on an FMLA interference claim, Plaintiff must establish: (1) she was an eligible employee; (2) Defendant was an employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave Defendant notice of her intention to take leave; and (5) Defendant denied her FMLA benefits to which she was entitled. *Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 556 (6th Cir. 2006).

Defendant does not dispute that Plaintiff was an eligible employee; that Defendant was an employer; or that Plaintiff was entitled to FMLA leave by virtue of her pregnancy. Rather, Defendant attacks the fourth prong of Plaintiff's interference claim by arguing that Plaintiff did not give Defendant proper notice of her intention to take FMLA leave. Specifically, Defendant argues that Plaintiff failed to follow its customary procedures regarding leave requests, which allegedly entail contacting personnel at Defendant's main office.

"[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Properties, Inc.*, 149 F.3d 517, 523 (6th Cir. 1998). "[T]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a [qualifying reason]." *Moorer v. Baptist Memorial Health Care System*, 398 F.3d 469, 488 (6th Cir. 2005). The FMLA notice requirements for an employee are outlined in more detail under 29 C.F.R. § 825.302. When leave is foreseeable, "[a]n employee must provide the employer at least 30 days advance notice before FMLA leave is to begin." 29 C.F.R. § 825.302(a). "When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.302(c). But "[w]hen an employee seeks leave due to a FMLA-qualifying reason, for which the employer has previously provided FMLA-protected leave, the employee must specifically reference the

9

qualifying reason for leave or the need for FMLA leave." *Id.* Further, "**[a]n employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave**, absent unusual circumstances." 29 C.F.R. § 825.302(d) (emphasis added). "An employee also may be required by an employer's policy to contact a specific individual." *Id.* "Where an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied." *Id*

Defendant relies on these regulations in arguing that Plaintiff's failure to contact personnel at Defendant's main office is fatal to her FMLA claim. According to Defendant, it was Defendant's policy that all leave requests are handled through the main office, and Plaintiff was accordingly directed to make arrangements for her pregnancy leave with the main office. Defendant further asserts that Plaintiff knew this was the company's policy because she followed this procedure with her first pregnancy leave.

Plaintiff does not allege that any unusual circumstances hampered her ability to comply with Defendant's customary leave procedures; instead, Plaintiff challenges the existence of any such internal procedures. To that end, Plaintiff points to deposition testimony of Defendant's vice-president, Matthew Keywell. Keywell testified that directing employees with leave issues to Defendant's main office "is just a matter of what [Lively] does" and not necessarily a company-wide policy. [Keywell Dep., pp. 27-29]. According to Keywell, there is nothing in writing, and the company has no employee handbook or other written materials delineating its leave policy. *Id.*, at pp. 28-29, 67.

From the foregoing it is apparent that a factual dispute exists as to Plaintiff's compliance with the relevant FMLA employee notice provisions. In the light most favorable to the

nonmoving party, Plaintiff has complied with the express notice requirements set forth in 29 C.F.R. § 825.302. For instance, Plaintiff informed her supervisor that she was pregnant more than 30 days before going on leave. Whether or not this was Plaintiff's first time requesting maternity leave, that verbal notice and other conversations between Plaintiff and Lively were sufficient to make Defendant aware of Plaintiff's need for FMLA-qualifying leave, as well as the anticipated timing and duration of the leave. Thus, unless Defendant had additional notice requirements in place to handle FMLA-qualifying leave requests, Defendant cannot defeat the fourth prong of Plaintiff's FMLA interference claim at the summary judgment stage. *Killian*, 454 F.3d at 556. Whether or not Defendant has an internal policy regarding FMLA notice -- with which Plaintiff may or may not have complied -- constitutes a genuine issue of fact.

Additionally, Plaintiff argues that Defendant should be estopped from claiming that she failed to comply with FMLA requirements, including those regarding notice.  Plaintiff's estoppel argument is based on her claim that Defendant failed to notify its employees (including Plaintiff) of their FMLA leave rights as required by the relevant regulations. [Keywell Dep., pp. 28-29, 65-68].   Specifically, Plaintiff argues that Defendant failed to comply with FMLA requirements regarding employer's notice and posting obligations set forth in 29 U.S.C. § 2619 and 29 C.F.R. § 825.300(a). Section 2619 reads:

> Each employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees and applicants for employment are customarily posted, a notice, to be prepared or approved by the Secretary, setting forth excerpts from, or summaries of, the pertinent provisions of this subchapter and information pertaining to the filing of a charge.

29 U.S.C. § 2619(a). Further, 29 C.F.R. § 825.300(a) provides that:

> If an FMLA-covered employer has any eligible employees, **it shall also provide this general notice to each employee** by including the notice in employee handbooks or other written guidance to employees concerning employee benefits

or leave rights, if such written materials exist, or **by distributing a copy of the general notice to each new employee upon hiring.**

29 C.F.R. § 825.300(a)(3) (emphasis added).

Plaintiff contends that Defendant failed to post a conspicuous notice and failed to provide additional FMLA information to its employees. Defendant counters that it did post a conspicuous FMLA notice in its main office and also in the "sign in" room (the "Old Command Center") at the New Center, thereby bringing Defendant in compliance with 29 U.S.C. § 2619. However, Defendant's vice-president testified that Prudential has no employee handbook or other written materials concerning employee leave rights. [Keywell Dep., p. 28]. By law, therefore, Defendant is also required to distribute a copy of the FMLA general notice to its employees upon hiring. Yet, the record shows that Defendant does not provide its employees with information regarding the FMLA at any time during their employment. *Id.*, at 65-67. And, if one of Defendant's employees asks for leave, Defendant merely instructs the employee to look up the statute. *Id.* at pp. 68-69.

Because Defendant did not itself comply with its notice obligations under the Act, it cannot rely on Plaintiff's non-compliance with its internal leave-notice procedures to deny liability. "[T]he [FMLA] regulations . . . provide that a non-posting employer is estopped from taking adverse action against an employee who fails to furnish the employer with advance notice of a need to take FMLA leave." *Hendry v. GTE North, Inc.*, 896 F. Supp. 816, 828 (N.D. Ind. 1995) (internal citations omitted). "Thus, if [the employer] has not properly posted the notice, [the employer] may now be estopped from asserting that [the employee] failed to furnish them proper advance notice of her need to take FMLA leave." *Id. See also Stubl v. T.A. Systems, Inc.*, 984 F. Supp. 1075, 1087 (E.D. Mich. 1997) (because the employer "failed to inform [the

12

plaintiff] of his rights and obligations under the Act [the plaintiff's] failure to provide medical certification to comply with [the employer's] internal procedures does not preclude him from being covered by the Act.") Stated differently, if Defendant failed to fulfill its own FMLA duties regarding notice, it cannot defeat Plaintiff's FMLA claim by alleging Plaintiff did not follow its internal procedures. Therefore, Defendant is not entitled to summary judgment based on Plaintiff's failure to provide proper notice of her intent to take an FMLA pregnancy leave.

2.  PLAINTIFF HAS FAILED TO SHOW SHE SUFFERED DAMAGES RESULTING FROM DEFENDANT'S ALLEGED NON-COMPLIANCE WITH FMLA NOTICE REQUIREMENTS

To the extent that Plaintiff seeks to recover from Defendant for its failure to provide her with notice of her FMLA rights or the failure to specifically offer her FMLA leave when she notified her employer of her pregnancy,[4] she has not established that she suffered any prejudice as a result thereby. Rather, it appears that Plaintiff wishes to recover from Defendant based on these violations *per se*, and not for any damages they may have proximately caused her.

An employer who prevents or impedes an employee from exercising his or her FMLA rights is liable to the employee for, as appropriate, damages and equitable relief. 29 U.S.C. §§

---

[4] It is not entirely clear that Plaintiff is alleging a separate claim for these technical statutory violations. She merely states, in passing, in one sentence at the end of her estoppel argument:

> Defendant violated the FMLA when it interfered with Plaintiff's FMLA rights by failing to inform her of her eligibility to take FMLA leave within five days of her notification to Lamont Lively that she needed to take maternity leave, failing to inform her that she was entitled to 12 weeks of leave, and failing to provide her notice of her other rights and responsibilities under the FMLA.

[*See* Plaintiff's Response Brief, p. 13.]

For the sake of completeness, the Court will treat this allegation of technical violation of the statute as a separate claim.

2615(a), 2617(a). To state such a claim, however, the employee must prove that the employer: (1) interfered with his or her exercise of FMLA rights; and (2) caused prejudice thereby. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). Actionable interference exists where the employer impedes, restrains, or denies the exercise of any rights protected the FMLA. 29 C.F.R. § 825.220(a). Prejudice exists where an employee loses compensation or benefits "by reason of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I); sustains other monetary losses "as a direct result of the violation," § 2617(a)(1)(A)(i)(II); or suffers some loss in employment status remediable through "appropriate" equitable relief, § 2617(a)(1)(B).

> As the Supreme Court of the United States explained:
>
> To prevail under the cause of action set out in § 2617 [of the FMLA], an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, **§ 2617 provides no relief unless the employee has been prejudiced by the violation**: The employer is liable only for compensation and benefits lost "by reason of the violation," § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B). The remedy is tailored to the harm suffered.

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (emphasis added); *see also Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507-08 (6th Cir. 2006) ("[T]he FMLA is not a strict-liability statute . . . . Employees seeking relief under the [interference] theory must therefore establish that the employer's violation caused them harm"); *Harris v. Gov't of Nashville & Davidson County, Tennessee*, 594 F.3d 476, 482 (6th Cir. 2010) ("the FMLA provides no relief unless the plaintiff has been prejudiced by the violation."); *Tippens v. Airnet Sys., Inc.*, 2007 WL 1026954 at *7 (S.D. Ohio, Mar. 30, 2007) ("*Ragsdale* makes clear that Plaintiff must show

some prejudice as a result of Defendant's failure to provide notice of designation of leave as FMLA time.")

Here, Plaintiff has not articulated how Defendant's alleged failure to notify her of her FMLA rights or specifically offer her FMLA leave caused her any damages. It is undisputed that Plaintiff was provided with the pregnancy leave she requested. Therefore, she cannot show she was harmed by her employer's failure to post or otherwise provide her with notice of her statutory right to take a pregnancy leave.[5]  Therefore, the Court will grant summary judgment in favor of the Defendant on Plaintiff's claim of Defendant's technical violation of the statute for failure to notify her of her FMLA rights or "offer" her FMLA leave.

3. NO GENUINE ISSUE OF MATERIAL FACT EXISTS WITH REGARD TO DEFENDANT'S FAILURE TO RESTORE PLAINTIFF TO THE POSITION SHE HELD WHEN THE LEAVE COMMENCED OR TO AN EQUIVALENT POSITION

At the heart of Plaintiff's Amended Complaint is her claim that Defendant interfered with her FMLA rights when it allegedly failed to return Plaintiff to the same or an equivalent position of employment.  Unlike her other two alleged FMLA violations, Plaintiff has set forth sufficient allegations that Defendant's failure to reinstate Plaintiff proximately caused her damages. The relevant statutory section provides that:

> [A]ny eligible employee who takes leave under [the FMLA] for the intended purpose of the leave shall be entitled, on return from such leave (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

---

[5] Additionally, Plaintiff's claim that Defendant interfered with her right to receive a copy of the FMLA general notice upon her hiring is time-barred. The statute of limitations for an FMLA case is two years, 29 U.S.C. § 2617(c)(1), and three years if the violation is willful, 29 U.S.C. § 2617(c)(2). Plaintiff began working for Defendant in 2006, but did not file this lawsuit until 2011, making this aspect of her FMLA claim untimely under either limitations period.

29 U.S.C. § 2614(a)(1). But the FMLA does not give employees an absolute right to return to work at the end of a qualifying leave. Notably, "[a]n employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. 825.216(a); *see also Arban v. West Publishing Corp., supra*, 345 F.3d at 402 (quoting *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998)) ("[A]n employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting that request."). For instance, "[i]f an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to continue FMLA leave . . . and restore the employee cease at the time the employee is laid off, provided the employer has no continuing obligations under a collective bargaining agreement or otherwise." 29 C.F.R. 825.216(a).

     In FMLA interference cases where the employer has offered a legitimate reason unrelated to the exercise of FMLA rights for its actions, the Sixth Circuit applies the *McDonnell Douglas* regime traditionally used in employment discrimination cases. *Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012). To deny an employee's FMLA right to restoration, the employer must first be able to show that the employee "would not otherwise have been employed at the time reinstatement is requested . . . ." *Id*. Thus, the FMLA requires the employer to bear the initial burden of proving that the employee "would have been laid off during the FMLA leave period and, therefore, would not be entitled to restoration." *Id.* If the defendant proffers such a justification, the plaintiff must then seek to rebut that reason by a preponderance of the evidence. *Arban*, 345 F.3d at 401. "[A] plaintiff can refute the legitimate, nondiscriminatory reason that an

employer offers to justify an adverse employment action by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Grace v. USCAR*, 521 F.3d 655, 670 (6th Cir. 2008) (citations and internal punctuation omitted).

The record establishes that Defendant has met its initial burden and has shown that Plaintiff would have been laid off had she not been on leave. The following record facts are undisputed: Defendant was suffering from economic decline as it relates to the New Center buildings; Defendant informed Plaintiff when she attempted to return from leave that there was no work available for her at the New Center buildings; Plaintiff's supervisor informed her she should report to Defendant's main office for reassignment; and Plaintiff did not report to the main office and request reassignment to an equivalent position. Defendant further contends that the lack of available work is consistent with Defendant's execution of unemployment forms and the layoff letter attributed to Danielle Todaro which specifically states that Plaintiff was laid off while she was on maternity leave. [Defendant's Ex. F]. In short, Defendant argues that reinstatement at Plaintiff's former job site was impossible due to a reduction in hours and security officers beyond Defendant's control -- a legitimate, nondiscriminatory reason unrelated to the Plaintiff's exercise of her FMLA rights -- and that Plaintiff was in the same situation she would have been in, had she not gone on leave: laid off and eligible for reassignment.

Crucially, Plaintiff has failed to contest the legitimacy of Defendant's reason for her layoff. In her Response to Defendant's Motion, Plaintiff did not argue that the proffered reason has no basis in fact, did not actually motivate Plaintiff's layoff, or was insufficient to warrant Defendant's failure to reinstate her. *Grace*, 521 F.3d at 670. As a result, Defendant's uncontested, legitimate, and nondiscriminatory reason for refusing to restore her to a position in

17

the New Center is fatal to her FMLA claim. "Both the [FMLA] statute and [Department of Labor] regulation likewise establish that interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct." *Edgar v. JAC Products, Inc., supra*, 443 F.3d at (6th Cir. 2006) (citing A*rban v. West Pub. Co.*, 345 F.3d 390, 401 (6th Cir. 2003) ("An employee lawfully may be dismissed, preventing him from exercising his statutory rights to FMLA leave or reinstatement, but only if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave."); *Thornberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 979 (8th Cir. 2005) ("As long as an employer can show a lawful reason, i.e., a reason unrelated to an employee's exercise of FMLA rights, for not restoring an employee on FMLA leave to her position, the employer will be justified to interfere with an employee's FMLA leave rights.")).

     Because Defendant has advanced a legitimate reason for not reinstating Plaintiff unrelated to the exercise of her FMLA rights, and because Plaintiff has failed to show a genuine issue of material fact remains as to the circumstances of her layoff, Defendant is entitled to summary judgment on Plaintiff's FMLA claim.

IV. CONCLUSION

For all of the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's April 17, 2012 Motion for Summary Judgment **[Dkt. # 23]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint be DISMISSED, in its entirety, with prejudice.

Let Judgment be entered accordingly.


Dated: March 7, 2013                    s/Gerald E. Rosen
                                        GERALD E. ROSEN
                                        CHIEF JUDGE, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Thursday, March 7, 2013, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5160